UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdo Doe, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Kristi Noem, et al., <br><br> Defendants. | |

26-CV-2280 (DEH)

ORDER

DALE E. HO, United States District Judge:

Plaintiffs have moved to compel production of the certified administrative record pertinent to the Secretary's decision to terminate the Temporary Protected Status (TPS) designation for Yemen. ECF No. 33. The Government opposes. ECF No. 34.

"Federal district courts have broad discretion in ruling on a motion to compel discovery." *Felder v. Warner Bros Discovery, Inc.*, No. 23 Civ. 08487, 2025 WL 1718098, at *3 (S.D.N.Y. June 20, 2025). When deciding whether information is discoverable, a court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

A district court's broad authority to compel discovery includes the authority to order production of the certified administrative record in cases brought under the Administrative Procedure Act. *See, e.g.*, *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 548 (S.D.N.Y. 2019); *Saleh v. Pompeo*, 393 F. Supp. 3d 172, 178 & n.4 (E.D.N.Y. 2019). And courts hearing challenges to the termination of Temporary Protected Status for particular countries have ordered the production of the certified administrative record within seven days. *See, e.g..*, *Nat'l*

*TPS All. v. Noem*, No. 25 Civ. 1766 (N.D. Cal. 2025), ECF No. 106 (ordering production of the administrative record pertinent to the termination of TPS for Venezuela within seven days); *Nat'l TPS All. v. Noem*, No. 25 Civ. 5687 (N.D. Cal. 2025), ECF No. 47 (ordering production of the administrative record pertinent to the termination of TPS for Nepal, Nicaragua, and Honduras within seven days).

The Government's arguments in opposition to Plaintiffs' request are unavailing. As an initial matter, the Government does not dispute the relevance or discoverability of the administrative record, but notes that some district courts adjudicating motions to postpone the termination of TPS have deferred ordering production of the administrative record until after ruling on a pending motion to postpone. ECF No. 34 at 1-2. But other district courts have not. For example, a district court in the District of Columbia ordered expedited production of the certified administrative record pertinent to the decision to terminate TPS for Haiti prior to ruling on the plaintiffs' motion to stay that decision. *See* December 1, 2025 Minute Order, *Lesly Miot, et al. v. Trump, et al.*, No. 25 Civ. 2471 (D.D.C. July 30, 2025). The government complied with the district court's order within ten days. *See Lesly Miot, et al. v. Trump, et al.*, No. 25 Civ. 2471 (D.D.C. July 30, 2025), ECF No. 78; *see also Nat'l TPS All. v. Noem*, No. 25 Civ. 5687 (N.D. Cal. 2025) (ordering expedited production of administrative record within seven days, prior to adjudicating Plaintiffs' motion to postpone the termination of TPS). The Government offers no reason in its opposition letter why it would be unable to produce the administrative record here on a similar timeframe. The Government also states that "there is a substantial likelihood that the Supreme Court's forthcoming decision[s in *Trump v. Miot*, No. 25-1084 and *Mullin v. Doe*, No. 25-1083], expected by late June," will foreclose Plaintiffs' claims entirely . . . ." ECF No. 34 at 2. But absent

2

clearer guidance from a higher court, this Court declines to speculate as to what the ultimate outcome in those cases will be.[1]

Accordingly, the Court hereby **ORDERS** the Government to produce by **12:00 p.m.** on **April 14, 2026** the certified administrative record pertinent to the decision to terminate TPS for nationals from Yemen in the above-captioned case and in related case 26 Civ. 2103.  The Court sua sponte **EXTENDS** the deadline for Plaintiffs' Reply Brief in the above-captioned case and in the related case 26 Civ. 2103 to **April 15, 2026**, so that Plaintiffs in these cases may, if they choose, address the administrative record in their Reply briefs.

The Clerk of Court is respectfully directed to close ECF No. 33.

SO ORDERED.

Dated:  April 7, 2026
         New York, New York

_____
DALE E. HO
United States District Judge

---

[1] While the Government notes that the Supreme Court has "signaled" that it is likely to succeed based on the fact that the Court granted stay motions in two TPS cases, *see* ECF No. 34 at 2, it fails to acknowledge that the Supreme Court deferred decisions on the Government's stay requests in the two TPS cases currently pending before it.