

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 20, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
40 Foley Square
New York, NY 10007

> Re:    *Doe et al. v. Mullin et al.*, No. 26 Civ. 2103 (DEH)
>         *Doe et al. v. Mullin et al.*, No. 26 Civ. 2280 (DEH)

Dear Judge Ho:

This Office represents defendants (the "government") in the above-referenced lawsuits brought by Plaintiffs under the Administrative Procedure Act ("APA"), challenging the decision of defendant U.S. Secretary of Homeland Security (the "Secretary") to terminate Yemen's Temporary Protected Status ("TPS") designation. The government writes to oppose Plaintiffs' motions to compel production of unredacted pages of the Certified Administrative Record ("CAR") and for extra-record discovery. *See* Case No. 26 Civ. 2103 ("First Case"), Dkt. No. 27 ("First Motion"); Case No. 26 Civ. 2280 ("Second Case"), Dkt. No. 44 ("Second Motion").

As a threshold matter, the government agrees with Plaintiffs in the Second Case that the Court already has sufficient information to decide Plaintiffs' pending motions to postpone the effective date of the termination of Yemen's TPS designation under 5 U.S.C. § 705. Therefore, neither extra-record discovery nor adjudication of the propriety of the government's redactions is necessary at this stage. In addition, extra-record discovery is permitted only in extraordinary circumstances, which are not present here. And the redacted portions of the CAR at issue here (1) reflect pre-decisional, deliberative material that is not properly part of the CAR and that is protected by the deliberative process privilege ("DPP"), (2) contain sensitive law enforcement information, or (3) contain individual employee email addresses and phone numbers. Accordingly, Plaintiffs' motions to compel should be denied.

## I.    Background

On April 1, 2026, Plaintiffs in the Second Case moved to compel production of the CAR. *See* Second Case, Dkt. No. 30. The government opposed the motion, arguing that the CAR was not necessary to decide Plaintiffs' pending motions to postpone. *See* Second Case, Dkt. No. 34 at 1. The government noted that two courts had decided similar motions without the administrative record. *Id.* at 1–2 (citing cases). The government further argued that because the Supreme Court was on the verge of deciding whether district courts had jurisdiction to hear APA claims in these cases at all, the resource-intensive process of compiling the record should be deferred until after the Supreme Court's ruling. *Id.* at 2. On April 7, 2026, the Court granted Plaintiffs' motion and ordered the government to file the CAR by April 14, which it did. *See* Second Case, Dkt. Nos. 36, 37. On April 15, 2026—the day before oral argument on Plaintiffs' motion to postpone—the Court *sua sponte* ordered Plaintiffs to be prepared to address whether they intended to challenge privilege assertions in the CAR, and also raised the issue of extra-record discovery. *See* Second Case, Dkt. No. 41.

On April 16, 2026, in response to the Court's April 15 order, Plaintiffs in both cases filed motions to compel. Plaintiffs in the First Case challenge the government's redactions to pages DHS-AR-000001-19 of the CAR. First Motion at 1, 3. These pages correspond to the U.S. Citizenship and Immigration Services ("USCIS") Decision Memorandum to the Secretary ("Decision Memo" or "Memo"). *See* Declaration of Angelica M. Alfonso-Royals dated April 20, 2026 ("Declaration") ¶ 3. Plaintiffs in the First Case also request extra-record discovery of deliberative materials and a privilege log. *See* First Motion at 1, 3. In the Second Case, Plaintiffs seek to compel production of unredacted versions of the Decision Memo, as well as page DHS-AR-000245 (which contains one redacted paragraph) and DHS-AR-000266-67 (an email chain in which email addresses and a telephone number have been redacted[1]). *See* Second Motion at 4–5. Plaintiffs also request extra-record discovery, while acknowledging that the Court has sufficient evidence to resolve the pending motions to postpone. *Id.* at 5 ("Plaintiffs believe there is sufficient evidence before the Court to resolve the pending Motion to Postpone Agency Action").

## II.    Plaintiffs' Motions to Compel the Disclosure of Redacted Information and Extra-Record Discovery Should be Denied as Premature

Now that the Court has ordered the production of the CAR (which contains 1,687 pages), there is sufficient information to adjudicate Plaintiffs' motions to postpone the effective date of the termination of Yemen's TPS designation. Motions for preliminary relief "are [virtually always] based on incomplete records." *FTC v. Verity Int'l, Ltd.*, 124 F. Supp. 2d 193, 204 (S.D.N.Y. 2000). Though Plaintiffs may dispute certain redactions of the CAR, now is not the time to litigate those issues and Plaintiffs' motions should be denied as premature. *Id.*; *see also Strait Shipbrokers Pte. Ltd. v. Blinken*, 560 F. Supp. 3d 81, 92 n.4, 98 (D.D.C. 2021) (redacted information "is not necessary to resolve the pending motion" for a preliminary injunction and "request to litigate defendants' classified redactions is simply premature in this early stage of the proceedings"). This is especially true here given that the Supreme Court is on the verge of deciding whether courts possess jurisdiction over these cases in the first place. *Cf. Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("[A] court may . . . properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." (collecting cases)).

Likewise, extra-record discovery should be denied because it is generally not permitted in APA cases, and Plaintiffs have not come close to making the requisite "strong showing of bad faith or improper behavior" that would justify it. *See SRC Ent., LLC v. SBA*, No. 22-CV-01547 (APM), 2026 WL 353056, at *1 (D.D.C. Feb. 9, 2026); *see also Friends of Animals v. U.S. Bureau of Land Mgmt.*, 728 F. Supp. 3d 45, 82–83 (D.D.C. 2024) ("[C]ourts consider extra-record evidence in APA cases only in extraordinary circumstances."); *Citizens for Resp. & Ethics in Washington v. FEC*, No. 22 Civ. 35 (CRC), 2025 WL 833075, at *7 (D.D.C. Mar. 17, 2025) ("As countless cases have recognized, discovery is generally inappropriate in cases challenging agency action." (collecting cases)); Gov. Opp. to Motion to Postpone, Second Case, Dkt. No. 32, at 19–33 (explaining that Secretary's decision was based on statutory factors and not pretext). Extra-record discovery is disfavored in APA cases, regardless of whether constitutional claims are asserted. *See, e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) ("[D]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to

---

[1] Plaintiffs in the Second Case also challenged the redaction of a paragraph at DHS-000267. *See* Second Motion at 4. Upon further consideration, DHS has determined that this redacted text may be disclosed. A revised version of that email chain without that redaction is attached hereto, and this letter does not further address that redaction.

2

agency action to avoid the APA's bar on extra-record evidence." (collecting cases)), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021).

Even if Plaintiffs could make this showing, it would be inappropriate to order extra-record discovery at this stage—before the government has responded to the complaint and before the Supreme Court rules on the threshold jurisdictional issue. *Cf. In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 Civ. 6049 (GBD), 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (district court should "stay further proceedings pending a Supreme Court decision in a closely related case" and "a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court" (citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (per curiam))); *see also G.Y.J.P. v. Wolf*, No. 20 Civ. 1511 (TNM), 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) ("This Court's general practice is to adhere to the traditional civil litigation sequence: the plaintiff files a complaint; then the defendant answers or seeks dismissal of the complaint; then—in APA cases—the Government produce[s] an administrative record; and only then does the Court consider motions for summary judgment. If [plaintiff] does truly face imminent harm, the appropriate procedure would be for [plaintiff] to move for a preliminary injunction, not for the Court to expedite summary judgment briefing with no good cause shown.").

## III.    The Redactions to the CAR Should Be Upheld

As explained above, because the redacted material is not necessary to resolve Plaintiffs' pending motions to postpone, the Court should deny the motions to compel as premature. If the Court reaches the issue, however, the Court should uphold the redactions. As set forth in the accompanying declaration, the Decision Memo (DHS-AR-000001-19) was redacted because it contains pre-decisional, deliberative material, and one paragraph at DHS-AR-000245 was redacted pursuant to the law enforcement privilege. *See* Declaration ¶¶ 3-4. Further, courts have repeatedly held that agencies can appropriately redact individual email addresses and phone numbers. Accordingly, these redactions were proper and should be left intact.

### A.    Deliberative Materials

#### 1.    The Redacted Portions of the Decision Memo Are Pre-Decisional, Deliberative Materials That Are Not Part of the Administrative Record

The redacted portions of the Decision Memo are not properly part of the administrative record. "[C]ourts have consistently recognized that . . . deliberative materials antecedent to the agency's decision fall outside the administrative record." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This principle rests on two rationales: (1) "it is the agency's articulated justification for its decision that is at issue; the private motives of agency officials are immaterial"; and (2) "not including such materials advances the functional goal of encouraging the free flow of ideas within agencies." *Id.*[2] Further, "an agency's designation of the

---

[2] Because deliberative information is not part of the record to begin with, this material is generally not logged. *See Citizens for Resp. & Ethics in Washington v. FEC*, No. 22 Civ. 35 (CRC), 2024 WL 2110141, at *6 (D.D.C. May 10, 2024) ("Because 'predecisional and deliberative documents are not part of the administrative record to begin with' and because the agency's designation of the record is entitled to a presumption of regularity, the agency does not need to take additional measures—such as 'logg[ing]' the documents in a privilege log—to withhold them from the record.").

. . . record is generally afforded a presumption of regularity" and "[s]upplementation of the record as designated by the agency is, thus, the exception, not the rule." *Id.* at 309 (citations and internal quotation marks omitted).

The redacted portions of the Decision Memo are precisely the type of material properly excluded from a CAR. They reflect an internal memorandum prepared by a subordinate component of the Department of Homeland Security—USCIS—to advise the former Secretary, the statutory decisionmaker, on a pending policy determination. *See* Declaration ¶ 8; *see also Norris & Hirshberg, Inc. v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947) (summary of evidence properly excluded because "internal memoranda made during the decisional process . . . are never included in a record" and it was prepared "simply to aid in the [agency's] examination of the record"); *Comprehensive Cmty. Dev.*, 890 F. Supp. 2d at 313 (materials "that might bear upon the agency's pre-decisional process" were properly excluded from the record). The Memo was generated before the former Secretary reached her determination, for the purpose of informing that determination, and it reflects the advisory views, analytical judgments, and recommendations of agency staff. *See* Declaration ¶ 8. To require inclusion of the redacted portions in the CAR would collapse the critical distinction between the internal deliberative process through which an agency arrives at a decision and the final articulated grounds upon which that decision rests and against which it is reviewed. *See Ad Hoc Metals Coal. v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002) ("Judicial review of agency action should be based on an agency's stated justifications, not the predecisional process that led up to the final, articulated decision.").

### 2. The Deliberative Process Privilege Applies

Even if the above-mentioned redacted pages were considered part of the CAR, the redactions are appropriate because the withheld material is covered by the DPP. "An inter- or intra-agency document may be withheld pursuant to the deliberative process privilege if it is: (1) predecisional, *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, *i.e.*, actually . . . related to the process by which policies are formulated." *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005) (citation and internal quotation marks omitted). Both requirements are satisfied: the July 2025 Memo is a recommendation prepared by agency staff before the former Secretary rendered her final action in September 2025, reflecting policy recommendations aimed at informing her determination. *See* Declaration ¶ 8.

Plaintiffs' contention that the Memo must not be privileged because it bears the title "Decision" (Second Motion at 2) is unavailing; the relevant question is whether the document constitutes the agency's final action or reflects advisory material prepared for the Secretary's consideration—not its label. *See U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 269 (2021) (a document label was not "determinative" because "a court must evaluate the documents in the context of the administrative process which generated them" (citation and internal quotation marks omitted)). The agency's final action is the Secretary's determination on the signature page, left unredacted, not the recommendation memo that informed that determination. Declaration ¶ 3. Were it otherwise, the privilege would be eviscerated for the very class of documents it most commonly protects. *See Sierra Club*, 592 U.S. at 266–69 (DPP protects materials reflecting an agency's "preliminary" or "tentative" views generated during its deliberative process, as distinguished from documents that "embody a final decision").

Nor have Plaintiffs shown that the agency formally "adopted" the Memo's reasoning so as to strip it of privileged status. "[T]o adopt a deliberative document"—such that it is no longer privileged—"it is not enough for an agency to make vague or equivocal statements implying that

a position presented in a deliberative document has merit; instead, the agency must make an *express* choice to use a deliberative document as a source of agency guidance." *Jud. Watch, Inc. v. DOD*, 847 F.3d 735, 739 (D.C. Cir. 2017) (cleaned up; emphasis in original). Plaintiffs' adoption argument rests on the Secretary's signature, but a decisionmaker's signed approval does not express adoption of the entirety of the memorandum's reasoning. *See Abtew v. DHS*, 808 F.3d 895, 899 (D.C. Cir. 2015) (Kavanaugh, J.) ("[i]nitialing a memo may suggest approval of the memo's bottom-line recommendation," but it would nonetheless be "wrong and misleading to think that initialing necessarily indicates adoption or approval of all of the memo's reasoning," and "initialing alone" cannot transform a pre-decisional document into an agency's final decision). The former Secretary's signature indicates approval of the recommendation to terminate TPS for Yemen.  Plaintiffs identify no statement in which the Secretary adopted the entirety of the Memo's analysis as the agency's official justification. The privilege therefore remains intact.

### 3.    Plaintiffs Have Not Overcome the Qualified Privilege

Although the DPP is a qualified privilege, Plaintiffs have failed to make a sufficient showing that the interests in disclosure outweigh the government's interests in nondisclosure. *See Dorce v. City of New York*, 19 Civ. 2216, 2023 WL 7545345, at *4 (S.D.N.Y. Nov. 14, 2023). In making that determination, courts consider: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence...; (iii) the 'seriousness' of the litigation and the issues involved ...; (iv) the role of government in the litigation ...; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* (citation omitted). Plaintiffs bear the burden of making that showing, *see id.*, and they have not carried it.

First, Plaintiffs overstate the Decision Memo's relevance. Under the APA, judicial review examines whether the agency's stated rationale is supported by the record—not internal staff analysis that preceded the decision. The CAR already contains the materials the Secretary considered, including country conditions information, providing a sufficient basis for review without resorting to privileged staff recommendations. Additionally, while the litigation is serious and the government is a party, those factors are present in virtually every APA case and cannot independently justify overriding privilege. Finally, compelling disclosure of pre-decisional memoranda prepared for Cabinet-level decisionmakers would inevitably chill candid internal policy advice—the core harm the privilege exists to prevent. Declaration ¶¶ 9-10.

Plaintiffs' remaining arguments do not change the analysis. Their reliance on non-binding orders from other TPS cases, concerning different records, does not compel a different result. Privilege determinations are document-specific, and the Court should evaluate the Decision Memo on its own terms. Plaintiffs are also incorrect that the government was required to disclose additional supposedly "factual" portions of the Memo. Purely factual material may be withheld where, as here, it is "so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (citation omitted).

### B.    Law Enforcement Privilege

As set forth in the Declaration, the redaction at DHS-AR-000245 is protected by the law enforcement privilege because it contains information originating with third-party law enforcement and intelligence agencies, the disclosure of which could reveal the nature of interagency coordination and information-sharing processes. Declaration ¶¶ 4, 11; *see In re The*

*City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (law enforcement privilege applies to, among other things, information pertaining to "law enforcement techniques and procedures"). Such disclosure could compromise USCIS's relationships with those partner agencies, undermine its ability to collect the information necessary to screen applicants for immigration benefits, and pose a risk to national security and public safety. Declaration ¶ 11.

### C.    Email Addresses and Phone Numbers

To the extent Plaintiffs dispute the government's redaction of employee email addresses and phone numbers (Second Motion at 4), courts have repeatedly held that individual employee email addresses are properly withheld from the administrative record. *See, e.g.*, *New York v. Mayorkas*, No. 20 Civ. 1127 (JMF), 2021 WL 2850631, at *12 (S.D.N.Y. July 8, 2021) (permitting defendants to "redact 'the email addresses, telephone numbers, and other contact information of the [CBP] employees at issue'" from the administrative record); *Pub. Emps. for Env't Resp. v. Beaudreau*, No. 10 Civ. 1067 (RBW) (DAR), 2012 WL 12942599, at *7 (D.D.C. Nov. 9, 2012) ("With respect to the redactions for personal information 'such as personal e-mail addresses and cell phone numbers,' . . . the court finds that these redactions were proper"), *objections overruled sub nom.* 2013 WL 12193038 (D.D.C. May 16, 2013). These redactions should therefore be sustained.

***

For the foregoing reasons, Plaintiffs' motions to compel should be denied.

We thank the Court for its consideration of these matters.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Mark Osmond*
MARK OSMOND
ADAM GITLIN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2713/2734
mark.osmond@usdoj.gov
adam.gitlin@usdoj.gov

cc: All counsel of record (via ECF)

6