UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Abdo Doe, et al., | | 26-CV-2280 (DEH) |
| | Plaintiffs, | |
| v. | | |
| Kristi Noem, et al., | | |
| | Defendants. | |
| Noor Doe, et al., | | 26-CV-2103 (DEH) |
| | Plaintiffs, | **ORDER** |
| v. | | |
| Kristi Noem, et al., | | |
| | Defendants. | |

DALE E. HO, United States District Judge:

The Court previously granted Plaintiffs' motion to compel production of the certified administrative record ("CAR") pertinent to the Secretary's decision to terminate the Temporary Protected Status (TPS) designation for Yemen. ECF No. 36.[1] While Defendants produced the CAR on April 14, 2026, some of the record was redacted without explanation. ECF No. 37. Plaintiffs subsequently moved to unseal three redactions to the CAR: (1) a decisional memo from USCIS presented to the Secretary recommending termination of TPS for Yemen, AR-000001-19, (2) a chart describing it relating to known or suspected terrorist data for Yemeni TPS holders, AR-000245, and (3) a single paragraph in an email sent by Samantha Deshommes to various DHS staff, DHS-AR-000266-67. The Court ordered in camera review of the documents on April 17, 2026, and has reviewed the redacted portions in making this decision.

---

[1] All ECF citations are to Case No. 26 Civ. 2280.

Defendants concede that the third item was improperly redacted and filed a copy of the unredacted email on the public docket. ECF No. 45-1. The Court takes the remaining categories of redactions in turn.

## I.    Decisional Memo from USCIS

### A. Standard

"Federal district courts have broad discretion in ruling on a motion to compel discovery." *Felder v. Warner Bros Discovery, Inc.*, No. 23 Civ. 08487, 2025 WL 1718098, at *3 (S.D.N.Y. June 20, 2025).[2]   When deciding whether information is discoverable, a court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

A district court's broad authority to compel discovery includes the authority to order production of the certified administrative record in cases brought under the Administrative Procedure Act. *See, e.g.*, *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 548 (S.D.N.Y. 2019); *Saleh v. Pompeo*, 393 F. Supp. 3d 172, 178 & n.4 (E.D.N.Y. 2019). However, "courts have consistently recognized that . . . deliberative materials antecedent to the agency's decision fall outside the administrative record." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This principle rests on two rationales: (1) "it is the agency's articulated justification for its decision that is at issue; the private motives of agency officials are immaterial"; and (2) "not including such materials advances the functional goal of encouraging

_____

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

the free flow of ideas within agencies." *Id.* Further, "an agency's designation of the . . . record is generally afforded a presumption of regularity" and "[s]upplementation of the record as designated by the agency is, thus, the exception, not the rule." *Id.* at 309.

The deliberative process privilege is "qualified" and may be overruled if the interests in disclosure outweigh the interests in privacy. *Dorce v. City of New York*, 2023 WL 7545345, at *4 (S.D.N.Y. Nov. 14, 2023). "Courts must balance an agency's interest in nondisclosure against a litigant's need for the information and, to some extent, the public's interest in open government when deciding whether to uphold the privilege. Thus, the privilege may be inapplicable where the agency's deliberations are among the central issues in the case." *Greater New York Taxi Ass'n v. City of New York*, 2017 WL 4012051, at *9 (S.D.N.Y. Sept. 11, 2017). Courts in this circuit apply a five-part balancing test to evaluate whether the deliberative process privilege should be overruled: (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *Id.*

### B. Application

The Court assumes without deciding that the entirety of this material is covered by the privilege. Nonetheless, the Court concludes that the interests in disclosure outweigh the interests in privacy in this case. In so ruling, this Court joins at least three other courts in determining that the USCIS decision memo must be disclosed under analogous circumstances in cases challenging the termination of TPS for a country. *See, e.g.*, *NTPSA v. Noem*, No. 25 Civ. 5687 (N.D. Cal.), ECF No. 105 (holding DPP did not apply to Decision Memos for termination of TPS for Nicaragua, Nepal and Honduras); *CASA v. Noem*, No. 25 Civ. 1484 (D. Md.), ECF No. 143 (ordering production of mostly unredacted Decision Memos for Afghanistan and Cameroon); *NTPSA v.*

*Noem*, No. 25 Civ. 1766 (N.D Cal.), ECF No. 184 (ordering production of documents withheld under DPP, including Decision Memo); *see also Miot*, No. 25 Civ. 2471, ECF Nos. 84-2; 84-3; 84-5 (collecting unredacted Decision Memos produced in litigation during first Trump administration).

First, and most importantly, the Court finds that the memorandum is extremely relevant to this case. Plaintiffs here challenge the procedure and method by which the Secretary decided to terminate TPS for Yemen. Claims of pretext, arbitrariness, invidious racial discrimination, and a failure to comply with statutory consultation requirements all hinge on exactly what the Secretary considered, and this memorandum appears to have formed the basis of that decision. The memorandum also provides evidence for whether the Secretary consulted with any other agency officials in making her decision to terminate TPS. Accordingly, the first factor strongly favors disclosure.

On the remaining factors, the Court also concludes that disclosure, notwithstanding the privilege, is appropriate. There is little other evidence in the record that is probative of the Secretary's consultation with other agencies or other aspects of her process in for making the challenged determination, and a memorandum weighing various options would help explain how the Secretary reached the decision she made, where evidence would otherwise be lacking. The seriousness of the litigation is indisputable, as on one side, thousands of people face a loss of legal status here and possible deportation to a country which, they allege, is an active war zone; while, on the other, the Government asserts critical national interests in terminating TPS for these individuals. And when the government's decision-making process is at the core of a Plaintiff's claims, as it is here, courts recognize that the fourth factor favors disclosure. *See e.g.*, *Dorce*, 2023 WL 7545345, at *5.

Thus, the only remaining factor that could counsel against disclosure is "the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." The Court, however, concludes that the final factor, while of significant gravity and substantial importance, ultimately does not support redaction of the decisional memorandum. Defendants failed to assert any potential chilling effect from disclosure of the decisional memorandum beyond "boilerplate" objections, which are insufficient to support redaction. *Nat'l TPS All. v. Noem*, No. 25 Civ. 1766, 2025 WL 1887828, at *2 (N.D. Cal. June 12, 2025). There is no indication of how disclosure of the documents in question "would cause embarrassment on the part of the author or give rise to confusion on the part of the public." *Desert Survivors v. US Dep't of the Interior*, No. 16 Civ. 1165, 2017 WL 1549373, at *7 (N.D. Cal. May 1, 2017). Nor does the Government claim the disclosure of these decisional memoranda in other cases has chilled agency deliberations in any manner. *NTPSA v. Noem*, 25 Civ. 1766 (N.D Cal.), ECF. No. 184 at 5 (finding the failure to identify harm from prior orders to disclose similar documents to support disclosure). The context here also demonstrates the risk of chilling agency deliberations is limited because the views expressed in [the withheld document] were incorporated in the agency's justifications of the . . . decision." *New York v. Wolf*, 2020 WL 3073294, at *4 (S.D.N.Y. June 10, 2020).

Even if there were a stronger chilling effect, because Plaintiffs here allege invidious racial discrimination in the agency's decisionmaking process, the Court concludes that public disclosure of a memorandum—which could potentially serve to disprove allegations of such reprehensible motives—is firmly within the public interest. And for any views that weren't ultimately adopted, "[t]he small possibility that government employees could be chilled in their internal deliberations is outweighed by the other factors, which balance in favor of disclosure . . .." *Ciaramella v. Zucker*, 2021 WL 4219501, at *5 (S.D.N.Y. Sept. 16, 2021).

5

Accordingly, the Court will order disclosure of the decisional memorandum.

## II.    Known or Suspected Terrorist Data

Plaintiffs also seek disclosure of the redacted table relating to known or suspected terrorist data at AR000245. For the first time, the Government now asserts that such information is properly redacted pursuant to law enforcement privilege. The "party asserting the law enforcement privilege must show that the documents contain information that the law enforcement privilege is intended to protect." *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). Such protected information includes information pertaining to "law enforcement techniques and procedures," information that would undermine "the confidentiality of sources," information that would endanger "witness and law enforcement personnel [or] the privacy of individuals involved in an investigation," and information that would "otherwise ... interfere[ ] with an investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988).

The Court concludes that the assertions of law enforcement privilege are insufficiently tailored to the actual redactions at issue. Without getting into more detail, the redacted material consists of a chart providing total, non-identifiable summary data regarding known or suspected terrorism for Yemini TPS holders. Defendants' letter spends only one paragraph on law enforcement privilege and never mentions how the redacted table with numerical counts of the number of Yemini TPS holders with various national security records would implicate the harms contemplated by the law enforcement privilege. *Cf. In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 498 (S.D.N.Y. 2021) (assessing the Government's assertion of the absolute state secret privilege) ("Simply saying 'military secret,' 'national security' or 'terrorist threat' or invoking an ethereal fear that disclosure will threaten our nation is insufficient to support the privilege."). Nonetheless, in the interest of caution, the Court will provide the Government the opportunity to file a renewed letter motion to seal this information, as explained below.

### III. Conclusion

In sum, the Court ORDERS the government to file the unredacted decision memorandum on the public docket by April 21, 2026. The Court further ORDERS Defendants to file, by April 22, a letter motion to seal regarding law enforcement privilege, not to exceed three pages, which explains specifically how disclosure of summary chart data would lead to the harms described in paragraphs 11 and 12 of Alfonso-Royals declaration, ECF No. 45-2. Plaintiff may then file a letter reply on only the issue of law enforcement privilege, not to exceed two pages by April 23. If Defendants no longer seek redaction of the material in question on the grounds of law enforcement privilege, they may instead file an unredacted version of the material in question on the docket by April 21.

The Clerk of Court is respectfully directed to close ECF No. 44 in Case No. 26 Civ. 2280.

SO ORDERED.

Dated: April 21, 2026
       New York, New York

_____
DALE E. HO
United States District Judge

7