June 30, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    *Abdo Doe v. Mullin*, No. 26 Civ. 2280 (DEH)
        *Noor Doe v. Noem*, No. 26 Civ. 2103 (DEH)

Dear Judge Ho:

In accordance with this Court's order, the parties submit this joint status letter setting forth their respective positions on the impact of the Supreme Court's decision in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026), the consolidated appeal addressing the termination of Temporary Protected Status ("TPS") designations for Syria and Haiti.

## I.    Position of Plaintiffs in 26-cv-2103 (*Noor Doe v. Mullin*)

*Mullin* does not reach the claim on which Plaintiffs now stand. The Supreme Court decided a single question of statutory law—whether 8 U.S.C. § 1254a(b)(5)(A) forecloses non-constitutional review—and answered it only as to claims under the Administrative Procedure Act. The Court did not hold that the bar extends to constitutional claims; it assumed those claims remain reviewable and disposed of the one before it on the merits. *See Mullin v. Doe,* 2026 WL 1825840 (U.S. June 25, 2026). This Court's order postponing the Yemen termination rested on two independent grounds, and the Court reserved the constitutional one. *Mullin* leaves that reserved ground untouched, and it is that ground that holds the postponement in place today.

The merits half of *Mullin* does not govern here either, because it resolved a different claim on a different record. The plaintiffs there challenged Haiti's termination as *race* discrimination, and the Court rejected that challenge on two findings peculiar to the Haiti record: that the administration had ended every designation that came up for review, which the Court treated as a neutral explanation, and that no statement before it was overtly discriminatory. Neither finding is available as to Yemen. The Secretary terminated Yemen's designation only after expressly finding that Yemeni nationals cannot return in safety—a finding she declined to make for any other country whose status she ended. *See Noor Doe v. Noem*, 2026 WL 1192079, at *14 & n.9 (S.D.N.Y. May 1, 2026). The Government's reliance on *Mullin's* reference to a "racially diverse group of countries that included Yemen' only underscores the point: the Court listed Yemen among the terminated countries, but it did not analyze Yemen's termination or hold it lawful; that question was not before it. A government that withdraws protection from the very population it has just declared unsafe, and does so by invoking a "national interest" rationale it had never before used to end a designation, is not acting on the across-the-board opposition to the program that *Mullin* credited. As to Yemen, the uniform-treatment premise fails..

What singles Yemen out, on this record, is who Yemenis are. The first and principal claim is that the termination intentionally discriminates against Plaintiffs on the basis of *national origin*—a distinct constitutional theory that the Supreme Court did not address in *Mullin,* which decided only a race claim. The Government's suggestion that any amended claim will be "fundamentally similar" to the one *Mullin* rejected is mistaken as a matter of both law and record. National origin is a separate suspect classification, and the evidence supporting it is Yemen-specific in a way the general statements in *Mullin* were not—including the President's description of Yemeni immigrants by name, as "know terrorists," and his repeated identification of Yemen among the countries he portrays as sources of terrorists. That evidence, combined with the Secretary's singular concession that Yemenis cannot safely return, was not before the *Mullin* Cout and is not answered by its race-neutral, program-wide rationale.

Plaintiff's second claim, pleaded in the alternative, is that the termination discriminates on the basis of race and ancestry. *Mullin* rejected the Haitian plaintiffs' race claim only because it credited a program-wide, race-neutral explanation and found no overtly discriminatory statement before it; for the reasons stated above, neither premise holds as to Yemen. Persons of Yemeni and Arab ancestry are protected against intentional discrimination, *see Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987), and the same record that supports the national-origin claim supports the inference of race-based motivation.

Both claims turn on the government's actual purpose, and constitutional claims of that kind are not confined to the record the agency chose to assemble. Plaintiffs intend to seek focused discovery into what in fact drove the termination and will confer with the government on its scope and timing. *See New York v. U.S. Dep't of Commerce*, 345 F. Supp. 3d 444, 452 (S.D.N.Y. 2018).

Plaintiffs are prepared to proceed quickly. Because the Government has neither answered nor filed a dispositive motion, Plaintiffs may amend their complaint as of right under Fed. R. Civ. P. 15(a)(1) and intend to file their amended complaint this week. The parties met and conferred on June 26 and June 29, 2026, and on both occasions counsel for Plaintiffs notified counsel for Defendants that Plaintiffs intend to file, this week, their amended complaint together with an ex parte application for relief. Plaintiffs will file that application together with or promptly after the amended complaint and will brief it on whatever schedule the Court sets. Because the reserved equal protection claim independently sustains the postponement, Plaintiffs respectfully submit that the Court should resolve that claim before it takes up the Government's anticipated motion under Rule 62.1 to vacate.

## II.      Position of Plaintiffs in 26-cv-2280 (*Abdo Doe v. Mullin*)

Plaintiffs' equal protection claim is properly before this Court and remains undecided. This Court reserved that claim when it entered the postponement, *Doe v. Noem,* 2026 WL 1192079, at *15 & n.14 (S.D.N.Y. May 1, 2026). *Mullin* foreclosed the separate statutory claim but did not reach the reserved constitutional claim. That latter claim is an independent ground for the postponement, and Plaintiffs will ask the Court to sustain the postponement on that reserved claim.

The Government contends that Plaintiffs' equal protection claim is the same as presented in *Mullin*. It is not. The *Mullin* plaintiffs challenged the termination of their designations as motivated by race, and relied on a pattern across a group of countries and a comparison among those countries. The Supreme Court did not examine the Yemen termination itself. Plaintiffs' complaint alleges discrimination on the basis of national origin and religion, among other grounds, which the Supreme Court's equal protection analysis does not reach. Plaintiffs will set out the basis for that claim in their supplemental briefing.

The Government has appealed the postponement and on June 30, 2026, moved for an indicative ruling under Federal Rule of Civil Procedure 62.1(a) that the Court would dissolve its § 705 order if the Second Circuit remands for that purpose, together with a stay of the order pending appeal, which the Government asks the Court to enter by July 14, 2026. Dkt. 74. The motion rests entirely on *Mullin's* foreclosure of the statutory claim and does not address the reserved equal protection claim, which this Court did not decide and which may independently sustain the postponement. Plaintiffs oppose the motion, including the request to stay the order by July 14. Plaintiffs will move the Court, on supplemental briefing, to resolve the reserved equal protection claim and to sustain the postponement on that ground. The postponement protects over 3,000 Yemeni nationals from removal to a country the Secretary found unsafe for return. Plaintiffs respectfully submit that the Court should decide the reserved claim before ruling on the Government's motion, and request the expedited schedule proposed below.

Plaintiffs also intend to seek discovery to support their equal protection claim. The Government takes the position that discovery should not proceed until the Court resolves a motion to dismiss it has not yet filed. The pendency of an anticipated motion to dismiss does not stay discovery. A stay requires good cause, including a strong showing that the plaintiff's claim is unmeritorious. *Druckman v. Morgenstern*, No. 26 Civ. 993 (PAE), 2026 WL 791896, at *1-2 (S.D.N.Y. Mar. 20, 2026). The Government cannot make that showing here. Plaintiffs' equal protection claim is a reserved constitutional claim that *Mullin* did not decide, and for the reasons stated above, the Government's foreclosure argument does not reach it. No motion to dismiss is currently before the Court in any event, and the Government's pending motion seeks to vacate and stay the postponement, not to dismiss any claim. Because Plaintiffs' equal protection claim is constitutional, discovery is not limited to the administrative record and extends to whether any discriminatory purpose motivated the termination. *See New York v. U.S. Dep't of Commerce*, 345 F. Supp. 3d 444, 452 (S.D.N.Y.  2018) (a court evaluating invidious discrimination cannot be confined to an agency's "carefully curated" record). Moreover, Plaintiffs have presented evidence of the government's bad faith in terminating TPS, which would entitle them to extra-record discovery even if the record rule is applicable here. *See* Plaintiffs' Letter Motion, ECF 44. Plaintiffs will seek to confer with the Government on the scope and timing of that discovery.

Lastly, Plaintiffs are actively considering amending their complaint to add at least one new claim for relief.

To permit prompt resolution of the reserved equal protection claim, Plaintiffs propose the following expedited schedule: filing their motion and supplemental brief within ten days of this Court's order; the Government's response within seven days thereafter; Plaintiffs' reply within five days after that; a report on the scope and timing of discovery, joint or separate, within ten days of this Court's order; and any amended complaint within that same ten-day period.

### III.    The Government's Position

Over the weekend, to preserve its appellate rights, the Government filed a notice of appeal of the Court's order postponing agency action pursuant to 5 U.S.C. § 705. *See* ECF 72 in 26-cv-2280.[1] In addition, because the Government believes that the Court's order should be vacated in light of the Supreme Court's decision, the Government will today file a motion in this Court, pursuant to Rule 62.1(a), respectfully seeking an indicative ruling stating that the Court would vacate its § 705 order if the Second Circuit were to remand these cases to this Court for that purpose. The same motion will respectfully request that the Court stay the § 705 order pending appeal, and will ask the Court to rule on that request within two weeks, after which the Government anticipates seeking relief from the Second Circuit. *See* Fed. R. App. P. 8(a)(2)(A)(ii).

The Government does not believe that Plaintiffs have a viable path forward in this case and anticipates moving to dismiss the complaints, after Plaintiffs determine whether they will in fact amend their complaints. Given the likelihood that the Government's motion will succeed in light of the Supreme Court's ruling in *Mullin v. Doe*, there is good cause not to proceed to discovery until the Court rules on the Government's anticipated motion. *See, e.g.*, *Boelter v. Hearst Communications, Inc.*, No. 15-CV-3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay of discovery where defendant filed motion to dismiss that "may warrant dismissal of [the] entire complaint"); *see also Druckman v. Morgenstern*, No. 26 Civ. 993 (PAE), 2026 WL 791896, at *2 (S.D.N.Y. Mar. 20, 2026) (staying discovery to "conserve the parties' resources" where "[t]he motions to dismiss, even if they prune rather than eliminate the claims in the Complaint, have the capacity to meaningfully reduce the scope of discovery"). To proceed to discovery in a case where the Supreme Court has rejected or cast serious doubt on nearly identical claims supported by similar evidence—rather than awaiting the parties' briefing and the Court's adjudication of a motion to dismiss—would be premature, as resolving the anticipated motion first may obviate the need for discovery altogether.

As to the equal-protection claim specifically, the Supreme Court addressed a nearly identical claim in *Mullin v. Doe* and held that it was unlikely to succeed. Plaintiffs' complaints in these cases relied on the same kinds of statements by the President and the then-Secretary of Homeland Security that were presented in *Mullin v. Doe*—indeed, many of the very same statements—together with the identical pattern of terminating every TPS designation that came up for review. The Court held that those statements were not "overtly racial" and "expressed policy views that could rest on race-neutral justifications." *Mullin v. Doe*, 2026 WL 1825840, at *12. The Court further held that the administration's termination of 13 TPS designations in a row—for a "racially diverse group of countries" that included Yemen—supplied a "strong, race-neutral explanation" for the government's action. *Id*. Although Plaintiffs state that they intend to amend and add additional claims, their own description makes clear that any amended equal-protection claim will remain fundamentally similar, resting on the same kinds of allegations and evidence addressed in *Mullin*. And because Plaintiffs' current and, anticipated additional, equal-protection claims rest on the same kinds of allegations, they have not stated a plausible equal-

---

[1] Before filing its notice of appeal, the government asked if Plaintiffs would stipulate to the vacatur of the § 705 order given the Supreme Court's ruling, and Plaintiffs declined.

protection claim, and they certainly cannot show that they are likely to succeed on the merits of this claim for purposes of obtaining preliminary relief.

Finally, given that the parties have already briefed the issue of whether Plaintiffs' equal-protection claims can form the basis for preliminary relief (*see e.g.*, ECF 24, 32, and 40 in 26-cv-02280), the Government respectfully submits that further briefing on this issue is unnecessary or, to the extent that additional briefing is ordered, it should be limited to the impact of *Mullin v. Doe*.

The Government requests that the parties submit a letter with a mutually agreeable briefing schedule on the Government's anticipated motion to dismiss within 14 days after Plaintiffs file any amended complaint.

*        *        *

The parties thank the Court for its attention to these matters.

Respectfully,

By: */s/ Julie A. Goldberg, Esq.*
    Julie A. Goldberg, Esq.
    3005 Oakwood Boulevard
    Melvindale, Michigan 48122
    *Attorney for Plaintiffs*

By: /s/ Razeen Zaman
Razeen Zaman
Helen Anne Schutz Lo
Dinesh McCoy**
Phi Nguyen**
Niji Jain
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
Tel: (212) 966-5932
rzaman@aaldef.org
alo@aaldef.org
dmccoy@aaldef.org
pnguyen@aaldef.org
njain@aaldef.org

Shayana Kadidal [SK-1278]
Angelo Guisado
Baher Azmy [BA-8406]
CENTER FOR CONSTITUTIONAL
RIGHTS

666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6451
skadidal@ccrjustice.org
aguisado@ccrjustice.org
bazmy@ccrjustice.org
*Counsel for Plaintiffs*

**\*\*Application for admission Pro Hac Vice forthcoming*

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Adam Gitlin*
MARK OSMOND
ADAM GITLIN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2713/2734
mark.osmond@usdoj.gov
adam.gitlin@usdoj.gov

cc: All counsel of record (via ECF)