**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Abdo DOE, Hadeel DOE, Faiz DOE, Ebe DOE, Sam DOE, Ali DOE, and Fahad DOE, on their own behalf and on behalf of others similarly situated, <br><br> *Plaintiffs*, <br><br> – *versus* – <br><br> Markwayne MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, <br><br> *Defendants*. | **Case No. 1:26-cv-02280-DEH** <br><br> Judge Ho |

**[PROPOSED] ORDER GRANTING RENEWED MOTION TO POSTPONE**
**EFFECTIVE DATE OF AGENCY ACTION**

After consideration of the briefs and arguments of counsel and the evidence filed in support of and in opposition to Plaintiffs' Renewed Motion to Postpone the Effective Date of Agency Action (Plaintiffs' Renewed Motion), Dkt. 92, the Court finds that Plaintiffs have carried their burden to demonstrate that postponement of the effective date of agency action under 5 U.S.C. § 705 is necessary to prevent irreparable injury to Plaintiffs pending resolution of this case on the merits.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' Renewed Motion is GRANTED as follows:

1.      The Court concludes that Plaintiffs have carried their burden of showing (1) a likelihood of success on the merits of their claims that the termination of the Temporary Protected Status ("TPS") designation for Yemen (the "Termination") was *ultra vires* and violated the Due Process Clause of the Fifth Amendment to the United States Constitution; (2) that the Termination is causing and will cause irreparable harm to TPS holders absent further postponement of the effective date of the Termination; and (3) that the balance of equities and the public interest weigh in Plaintiffs' favor. Accordingly, a postponement of agency action pursuant to 5 U.S.C. § 705 of the APA and the inherent equitable powers of this Court is warranted.

2.      The effective date of implementation and/or enforcement of the Termination is hereby immediately postponed and stayed pending resolution of this case on the merits.

3.      During the period of postponement of the Termination, the Termination shall be null, void, and of no legal effect. The Termination therefore does not affect the protections and benefits previously conferred by the TPS designation, including work authorization and protection from detention and deportation, and the valid period of work authorization extends for the period of postponement. *See* 8 U.S.C. §§ 1254a(a)(1), (d)(4). The Termination also has no effect on the eligibility for work authorization and protection from detention and deportation for individuals with pending applications. *See* 8 U.S.C. § 1254a(a)(4)(B); 8 C.F.R. § 244.10(a), (e).

IT IS SO ORDERED.
Dated:

_____
DALE E. HO
United States District Judge