**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Abdo DOE, Hadeel DOE, Faiz DOE, Ebe DOE, Sam DOE, Ali DOE, and Fahad DOE, on their own behalf and on behalf of others similarly situated,<br><br><br>*Plaintiffs*,<br><br>- *versus* -<br><br>Markwayne MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br><br>*Defendants*. | Case No. 1:26-cv-2280-DEH |

**REPLY IN SUPPORT OF PLAINTIFFS' REQUEST**
**FOR AN ADMINISTRATIVE STAY**

Plaintiffs file this reply to very briefly address the points made in the government's opposition, ECF No. 94 ("Opp."), to Plaintiffs' motion for an administrative stay, ECF No. 90.

The government's brief defines the "status quo" that an administrative stay would be able to preserve as the status quo existing after this Court stayed its postponement order, ECF No. 89 (Jul. 20, 2026). *See* Opp. at 4-5. That is a fundamental misconception. As a case the government itself cites (Opp. at 5) shows, for purposes of a preliminary injunction the Second Circuit defines the status quo as "the last actual, peaceable uncontested status, which preceded the pending controversy." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 36-37 (2d Cir. 2018). Here, the "last … peaceable uncontested status" would be the state of affairs before the Secretary terminated TPS. *See also Holt v. Cont'l Grp.*, 708 F.2d 87, 90 (2d Cir. 1983) (referring

to reinstatement of benefits as "restoration of the status quo ante"); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 13, 16 (D.D.C. 2025) (describing status quo as the "last *uncontested* status which preceded the pending controversy" in granting an administrative stay (emphasis in original)); *Planned Parenthood Monte Mar, Inc. v. Ford*, No. 3:85-CV-00331-ART-CSD, 2025 WL 1210968, at *5-*6 (D. Nev. Apr. 25, 2025) (holding same). As the Court of Appeals has stated in the Temporary Restraining Order context, "[p]reserving the status quo is not confined to ordering the parties to do nothing; it may require parties to take action." *Mastrio v. Sebelius*, 768 F.3d 116, 120-21 (2d Cir. 2014) (citing *LaRouche v. Kezer*, 20 F.3d 68, 74 (2d Cir. 1994), and *Christopher P. v. Marcus*, 915 F.2d 794, 804-05 (2d Cir.1990)).

In *Nat'l Urb. League v. Ross*, 977 F.3d 698 (9th Cir. 2020), the Ninth Circuit denied an administrative stay of a district court's order blocking changes the Trump administration had sought to make to a Census Bureau data collection program. In doing so, the court noted that its denial of the administrative stay would "preserve the status quo because [it would] maintain the [Census] Bureau's [pre-existing] data-collection apparatus" that the Trump administration had sought to change. *Id*. at 701. That mirrors the situation here, where Plaintiffs seek to preserve the status quo as it "preceded the present controversy." *See generally* Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1957-58 (2022) (discussing issue of defining the status quo in administrative stay cases).

Moreover, Plaintiffs would have filed for an administrative stay sooner if they had any reason to think there was a risk of lapse in their TPS status before July 27.[1] But this Court's May

---

[1]    Plaintiffs have nowhere argued that this Court "is not bound by" (Order on Stay, ECF No. 89, at 4) the Supreme Court opinion before the expiration of the period for filing reconsideration motions on July 27, when its mandate or judgment shall issue. They have only noted that the mandate in the Supreme Court cases has not issued, which means nothing will affect the district court orders in those cases before that date.

order deferring the termination, ECF No. 54, was in place, and Plaintiffs sought an administrative stay immediately after this Court reversed course and stayed its postponement order of May 1.

In any event, the logic of an administrative stay would still apply to this situation even if the Court were not convinced that the "status quo" refers to the pre-termination status quo. Plaintiffs also note that the USCIS website still indicates that employment authorization remains in place for Yemeni TPS recipients.[2] For that reason an administrative stay would preserve at least that element of the status quo, even if the Court construes "status quo" to mean the state of affairs as it exists today, in the wake of this Court's stay order (ECF No. 89).

Neither *Department of Homeland Security v. D.V.D.* 145 S. Ct. 2627 (2025), nor *Hassoun v. Searls*, 976 F.3d, 121, 130 n.5 (2d Cir. 2020), bars the requested relief. In *D.V.D.*, the Supreme Court held that the district court could not use a remedial order to continue enforcing the same preliminary injunction that the Supreme Court had stayed. Plaintiffs seek no such enforcement here. They request a brief, independent administrative stay while this Court considers claims that neither it nor the Supreme Court has yet adjudicated. *Hassoun* likewise recognizes that an administrative stay may provide a temporary bridge while a court receives and decides a pending request for relief; it simply cannot substitute indefinitely for that decision. 976 F.3d at 130 n.5. Plaintiffs request precisely that limited bridge, expressly ending when the Court resolves their renewed motion.

Regarding Plaintiffs' new claims, the government argues they are unlikely to succeed on the merits for various reasons. But the Court need not consider the merits of these claims "in

---

[2]    *See* https://www.uscis.gov/save/current-user-agencies/news-alerts/update-on-termination-of-temporary-protected-status-for-yemen-release-july-17-2026 (stating an expiration date for current Yemeni TPS work authorizations of "July 24, 2026").

haste" at this juncture, before having the benefit of the parties' full briefing. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Plaintiffs' request for an administrative stay here is based precisely on the time needed to adjudicate those newly advanced claims. As such the government's repeated argument that the Court has already twice considered the merits of the prior claims (the ones that supported the prior postponement order) misses the mark.[3]

Finally, the schedule in the companion case, *Noor Doe*, 1:26-cv-2103, should be unaffected by the accelerated schedule Plaintiffs here propose (ECF No. 90, at 10) for briefing their new claims. Plaintiffs here propose only to uncouple the briefing on their new claims from all parties' briefing on the government's forthcoming motion to dismiss, currently due on August 12. The *Noor Doe* plaintiffs did not file new claims, and so their schedule for opposing the government's motion to dismiss should remain unchanged. *Cf*. Opp. at 8 (arguing proposed schedule on Plaintiffs' new claims does not account for existing schedule in related *Noor Doe* case).

Dated: July 22, 2026                                  Respectfully submitted,

/s/*Shayana Kadidal*
Shayana Kadidal [SK-1278]
Angelo Guisado
Baher Azmy [BA-8406]
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6451
kadidal@ccrjustice.org
aguisado@ccrjustice.org
bazmy@ccrjustice.org

---

[3]    To the extent the Court wishes to consider the merits at this juncture, Plaintiffs have already responded to the government's merits arguments, *see* Opp. at 7, within their own brief in support of their renewed motions to postpone, filed last night, ECF No. 96 (corrected version) at 11-12 n.5 (providing three reasons why a holding that the Termination was *ultra vires* would not affect the initial designation of TPS for Yemen); and *id*. at 15 and 15 n.6 (collecting cases finding that TPS recipients have either a property or liberty interest in TPS status and the associated mandatory benefits).

Razeen Zaman
Helen Anne Schutz Lo
Dinesh McCoy*
Phi Nguyen*
Niji Jain
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
Tel: (212) 966-5932
rzaman@aaldef.org
alo@aaldef.org
dmccoy@aaldef.org
pnguyen@aaldef.org
njain@aaldef.org

*Counsel for Plaintiffs*

*\*Application for admission Pro Hac Vice forth-coming*