

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 24, 2026

**VIA ECF**
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Doe v. Mullin,* No. 26 Civ. 2280 (DEH)

Dear Judge Ho:

  This Office represents defendants (the "government") in the above-captioned putative class action challenging the decision of the Secretary of Homeland Security to terminate Yemen's Temporary Protected Status ("TPS") designation. The government writes in response to Plaintiffs' Notice of Supplemental Authority (Dkt. No. 98), which includes a minute order entered in *African Communities Together v. Noem*, No. 1:25-cv-13939, Dkt. No. 106 (D. Mass. July 23, 2026), staying the TPS termination for South Sudan "pending resolution of Plaintiffs' motion to amend and renewed motion for postponement." For three reasons, that minute order warrants little weight here.

  First, in *African Communities Together*, there is no indication that the court ever evaluated the strength of the new claims underlying the renewed motion for postponement—claims that the plaintiffs had not yet amended their complaint to add. Here, by contrast, the Court can and should conclude that the claims that appear in Plaintiffs' amended complaint (Dkt. No. 85) and that underlie their renewed motion to postpone—that the termination is *ultra vires* and that it violates due process—are not likely to succeed for the reasons the government has explained (Dkt. No. 96). As Justice Barrett observed in the very case on which both Plaintiffs and the *African Communities Together* court relied, the merits can be a consideration on an administrative stay: the "*Nken* factors" are "obviously on the court's radar" and "can influence the stopgap decision." *United States v. Texas*, 144 S. Ct. 797, 798-99 (2024) (Barrett, J., concurring).

  Second, the minute order in *African Communities Together* was entered without affording the government any opportunity to respond. This Court, by contrast, has the benefit of the parties' briefing on the propriety of the requested relief.

  Third, unlike in *African Communities Together*, this Court stayed its postponement order on July 20, 2026, and the termination of Yemen's TPS designation has now been in effect for four days. Granting Plaintiffs' requested relief would not "preserve the status quo" (*African Communities Together*, Dkt. No. 106); it would reverse it—reinstating the very relief this Court has already stayed and improperly granting Plaintiffs "effectual relief." *Hassoun v. Searls*, 976 F.3d 121, 130 n.5 (2d Cir. 2020).

For these reasons, the *African Communities Together* order provides no basis for granting Plaintiffs' motion for an administrative stay.

The government thanks the Court for its consideration of this letter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  /s/ Mark Osmond
MARK OSMOND
ADAM GITLIN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2713/2734
mark.osmond@usdoj.gov
adam.gitlin@usdoj.gov

cc:  All Counsel of Record (via ECF)

2