UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdo Doe, et al., | |
| Plaintiffs, | |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

26-CV-2280 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On July 20, 2026, Plaintiffs moved for an emergency administrative stay of the Termination of Yemen's TPS designation pending resolution of their second Motion for Preliminary Injunction. ECF No. 90. On July 21, 2026, the Court directed the Government to respond to Plaintiffs' emergency request. ECF No. 91. For the reasons stated below, Plaintiffs' request for an administrative stay is **DENIED**.

A court may enter an administrative stay pursuant to its inherent authority to manage its docket, and under the All Writs Act. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J. concurring); 28 U.S.C. § 1651. The purpose of such a stay is to "buy the court time to deliberate when issues are not easy to evaluate in haste." *United States v. Texas*, 144 S. Ct. at 798 (Barrett, J., concurring). "While administrative stays are more common in appellate courts, district courts have recognized their applicability in cases seeking emergency relief under the APA." *Citizens for Resp. & Ethics in Washington v. Off. of Mgmt. & Budget*, 791 F. Supp. 3d 29, 60 (D.D.C. 2025).

Here, there are some sound arguments in favor of an administrative stay. The balance of equities favors the Plaintiffs, for reasons stated in this Court's now-stayed order postponing the termination of TPS for Yemen. *See* Opinion and Order, ECF No. 54, at 36. And although the

Government argues that an administrative stay would alter the status quo because the termination of TPS is now in effect, *see* Defs.' Opposition, ECF No. 94 at 5, this has only been the case for approximately four days, while TPS for Yemen had been in place for approximately a decade. The existence of such a momentary "status quo," by itself, cannot be a sufficient basis to deny an administrative stay, otherwise no appellate court would ever grant an administrative stay of a lower court ruling. Put another way, under the Government's reasoning, any administrative stay issued by an appellate court would be suspect.

Nevertheless, the Court ultimately concludes that an administrative stay is not appropriate in light of the procedural posture of this particular case. Most significantly, the parties negotiated, and then the Court approved, a briefing schedule on Plaintiffs' second motion for a preliminary injunction. Under that schedule, the motion will not be fully briefed until August 26, 2026. *See* Scheduling Order, ECF No. 80. While a stay of the Court's Postponement Order had not yet been granted when the parties agreed to that schedule, Defendants' motion for that stay was pending, and Plaintiffs were on notice that such a stay might be granted. Although a short administrative stay to preserve the state of affairs with respect to TPS for Yemen as it has persisted for the past decade may have been appropriate, the length of the stay sought by Plaintiffs while the Court considers their second motion for preliminary relief would be more akin to a grant of a temporary restraining order than an administrative stay, *see* Rule 65—something that Plaintiffs have not requested and a form of relief subject to a different standard. *Compare United States v. Texas*, 144 S. Ct. at 798 (Barrett, J., concurring) ("Administrative stays do not typically reflect the court's consideration of the merits") *with Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction," requiring a showing of likelihood of success on the merits).

To be clear, this Court's Order is limited to the particular procedural posture of this case. Nothing in this Court's Order should be construed to suggest that an administrative stay of the particular length sought by Plaintiffs is never appropriate, nor that an administrative stay in the context of other similar cases should not be granted.

Given the stakes, however, the Court concludes that a more rapid briefing schedule would be appropriate at this time. Accordingly, the Court modifies the existing briefing schedule as follows:

- Government's Opposition to Motion for Preliminary Injunction: **July 31**
- Plaintiffs' Reply in Support of Motion for Preliminary Injunction: **August 5**

If, in light of this Order, the parties seek to modify the briefing schedule in connection with the Government's anticipated motion to dismiss in this case and the related matter, they may file a letter on ECF to that effect in both cases.

## CONCLUSION

The request for an administrative stay is **DENIED**. The Court will endeavor to resolve Plaintiff's motion for a preliminary injunction expeditiously once it is fully briefed.

The Clerk of Court is respectfully directed to close ECF No. 90.

SO ORDERED.

Dated: July 24, 2026
      New York, New York

_____
DALE E. HO
United States District Judge