

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 10, 2026

VIA ECF
The Honorable Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Doe v. Mullin,* No. 26 Civ. 2280 (DEH)

Dear Judge Ho:

This Office represents defendants (the "government") in the above-captioned putative class action challenging the Secretary of Homeland Security's (the "Secretary") termination of Yemen's Temporary Protected Status ("TPS") designation. The government respectfully submits supplemental authority bearing on Plaintiffs' pending renewed motion to postpone that termination, Dkt. Nos. 92, 93 ("Pls. Br."), which rests on the *ultra vires* and due process claims that Plaintiffs pleaded in their Amended Complaint, Dkt. No. 85.

Plaintiffs originally challenged the termination under the Administrative Procedure Act and the Fifth Amendment's equal protection guarantee, Dkt. No. 1, and obtained an order postponing the termination under 5 U.S.C. § 705, Dkt. No. 54. On June 25, 2026, however, the Supreme Court held in a similar TPS case that "the TPS statute's judicial-review bar applies to all non-constitutional claims," while also finding that an analogous equal protection claim was not likely to succeed on the merits. *Mullin v. Doe*, 146 S. Ct. 2121, 2137–40 (2026). Plaintiffs here then amended their complaint to add two new claims: that the termination was *ultra vires* because only the Attorney General may terminate a TPS designation, *see* Pls. Br. at 5–11, and that it deprived them of protected liberty and property interests without constitutionally adequate process, *see id.* at 12–18. Their renewed motion seeks the postponement of the termination of Yemen's TPS designation on the basis of these two claims. Dkt. Nos. 85, 93. The government opposed Plaintiffs' renewed motion. Dkt. No. 101.

On August 7, 2026, the United States District Court for the District of Massachusetts issued a decision in *African Communities Together v. Mullin*, No. 25 Civ. 13939 (PBS), 2026 WL 2274504 (D. Mass. Aug. 7, 2026) ("*ACT*"), addressing similar claims. There, as here, the plaintiffs moved to amend their complaint to add *ultra vires* and due process claims challenging the termination of South Sudan's TPS designation, and moved to postpone the termination on the basis of those claims. The court denied the motion to amend because amendment would be futile because the claims were unlikely to succeed, and denied the motion to postpone for the same reason. *See id.* at *6.

As to the *ultra vires* claim, the *ACT* court's reasoning is consistent with the government's opposition here. The court held that the "best reading" of 8 U.S.C. § 1103, in light of the Homeland Security Act and *Mullin v. Doe*, is that authority over the TPS program was transferred to the Secretary. *Id*. at *3–4 (quotation marks omitted). And it held that the plaintiffs' contrary theory rests upon a "self-contradictory, self-defeating foundation," because if the Attorney General alone could terminate a designation, he alone could make one in the first place,

rendering the original designation invalid by the same logic as its termination. *Id*. at *4.

As to the *ACT* plaintiffs' due process claim, the court likewise agreed with the government's position. The court held that the plaintiffs asserted no protected liberty or property interest in a programmatic, generally applicable termination, which the court distinguished from the individualized adjudication of benefits, and that their claim merely "repackage[s]" as constitutional the same APA challenges that *Mullin v. Doe* held were unreviewable. *Id*. at *5.

Two other district courts reached a similar result within the past week. In *Aung Doe v. Mullin*, No. 25 Civ. 15483 (MFK), Dkt. No. 115 (N.D. Ill. Aug. 7, 2026) ("*Aung Doe*"), the court denied the plaintiffs' renewed motion to postpone the termination of Burma's TPS designation and granted the government's motion to dismiss materially similar *ultra vires* and due process claims, holding that—even assuming the claims were reviewable—the claims should be dismissed for similar reasons that the government advances in its opposition here. *See id.* at 12–21. And in *National TPS Alliance v. Mullin*, No. 25 Civ. 5687 (TLT), Dkt. No. 233 (N.D. Cal. Aug. 6, 2026) ("*NTPSA*"), another lawsuit challenging the termination of TPS designations, the court in a minute order denied the plaintiffs leave to amend their complaint to add *ultra vires* and due process claims.

Together, *ACT*, *Aung Doe*, and the *NTPSA* order reinforce that Plaintiffs cannot show a likelihood of success on either their *ultra vires* or due process claims, and that their renewed motion to postpone should be denied. Copies of the opinions in *ACT* and *Aung Doe*, and a copy of the docket in *NTPSA*, are attached.

The government thanks the Court for its consideration of this letter.

Respectfully,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By:  */s/ Adam Gitlin*
MARK OSMOND
ADAM GITLIN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2713/2734
mark.osmond@usdoj.gov
adam.gitlin@usdoj.gov

cc:    All Counsel of Record (via ECF)

2