

**99 Hudson Street, 12th Fl, New York, NY 10013-2815**
(212) 966-5932
info@aaldef.org

August 11, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Doe v. Mullin*, No. 26 Civ. 2280 (DEH) — Response to ECF No. 106

Dear Judge Ho:

Plaintiffs respectfully request leave to submit this brief response to Defendants' August 10 letter, ECF No. 106, which characterizes three post-briefing rulings, and the claims in this case, in respects that warrant clarification.

As a threshold matter, none of these district court rulings bind this Court or any other. One is not an opinion at all: the *NTPSA* entry, *Nat'l TPS All. v. Mullin*, No. 25-cv-5687 (TLT), ECF No. 233 (N.D. Cal. Aug. 6, 2026), is a text-only order "offer[ing] no reasoning for this Court to apply." Op. and Order, ECF No. 54 at 35.

The two opinions, *African Communities Together v. Mullin*, No. 25-cv-13939 (PBS), 2026 WL 2274504 (D. Mass. Aug. 7, 2026) ("*ACT*"), and *Aung Doe v. Mullin*, No. 25 Civ. 15483 (MFK), ECF No. 115 (N.D. Ill. Aug. 7, 2026) ("*Aung Doe*"), supply no persuasive grounds on the *ultra vires* or procedural due process claims. On the *ultra vires* claim, the *ACT* court acknowledged that either reading of § 1103 renders at least some statutory text "redundant" and therefore superfluous. 2026 WL 2274504 at *3-4. (The *ACT* court correctly recognizes that the provisions Mullin cited (6 U.S.C. § 552(d) and 557) "are housekeeping provisions" operating only "wherever a substantive transfer of authority has occurred." *Id.* at *3 n.2.) *Aung Doe* relies on an unconvincing reading of the pre-Homeland Security Act text, ignoring that Congress made wholesale changes to it in 2002, slip op. at 16, and ignores the paradoxes created by a reading that insists 1103(g) cannot be redundant—when good reason exists to believe that Congress adopted a belt-and-suspenders approach to the controversial issue of EOIR autonomy. *See* Pls.' Reply, ECF 104 at 4, 4 n.4. Most importantly, neither opinion resolves the fact that their reading would invalidate the Attorney General's Alien Terrorist Removal Court and denaturalization powers. *See, e.g.*, *ACT*, 2026 WL 2274504 at *4 n.3; *cf.* Pls.' Reply, ECF 104 at 4-5 and 5 n.6.

On the procedural due process claims, the two opinions fail to address key aspects of the due process analysis. Neither court considered this Circuit's authority recognizing

protected interests arising from statutory text that mandates procedural protections governing broadly-applicable agency decisions. *See* Pls.' Mot. Br., ECF No. 96 at 13–14 (citing *Bellin v. McDonald*, 177 F.4th 167 (2d Cir. 2026); *Kapps v. Wing*, 404 F.3d 105 (2d Cir. 2005)). *ACT* addressed neither decision, instead analyzing the protected interest question by reviewing two cases not cited here, *see ACT*, 2026 WL 2274504 at *5 n.5. *ACT* rejected a programmatic challenge because its plaintiffs "do not assert a denial of individual benefits under South Sudan's TPS designation," and were therefore "a far cry" from the individual adjudications governed by *Mathews*. *Id.* at *5. And the *Aung Doe* court expressly declined to resolve "whether the plaintiffs have a protected interest or whether TPS terminations are legislative or adjudicative," the two questions on which Defendants' opposition principally rests. *See Aung Doe*, slip op. at 19. Instead, the *Aung Doe* court reasoned that the alleged due process claim was only based on statutory violations, and that case law did not indicate support for raising those issues to constitutional violations. *See id.* at 20-21. In addition, neither opinion addresses the multiple lines of Supreme Court precedent Plaintiffs here have identified allowing claims for large groups of individuals to be heard, *see* Pls.' Reply, ECF 104 at 11-12, and treating statutory entitlements as protected by the Due Process Clause, *id*. at 8.

Furthermore, neither opinion addresses the distinct claim of the 425 Yemeni applicants whose applications DHS identified as pending as of December 8, 2025. Under 8 U.S.C. § 1254a(a)(4)(B), prima facie eligible applicants held a mandatory entitlement to interim benefits until an individual eligibility determination. *Mansor v. USCIS*, 685 F. Supp. 3d 1000, 1013 (W.D. Wash. 2023), held that entitlement to temporary employment authorization is property, as Defendants themselves quote. Defs.' Br., ECF No. 101 at 16. Plaintiffs allege the Termination's categorical cutoff foreclosed those unresolved applications and ended the interim benefits before the individualized determinations Congress identified as their endpoint, with no decision or review. Pls.' Mot. Br., ECF No. 96 at 15, 20; Pls.' Reply, ECF No. 104 at 13–14; *see Logan v. Zimmerman Brush Co*., 455 U.S. 422, 428–37 (1982) (timely filed claim was property; could not be extinguished by the agency's failure to act before the statutory deadline).

Finally, Plaintiffs reiterate that oral argument is warranted in this case. The above decisions issued after briefing closed, the parties' letters dispute their import, and argument would let the Court test those readings and put the factual questions to Defendants directly.

Respectfully submitted,

*/s/ Razeen Zaman*
Razeen Zaman
Helen Anne Schutz Lo
Dinesh McCoy*
Phi Nguyen*
Niji Jain
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor

New York, NY 10013
Tel: (212) 966-5932
rzaman@aaldef.org
alo@aaldef.org
dmccoy@aaldef.org
pnguyen@aaldef.org
njain@aaldef.org

Shayana Kadidal [SK-1278]
Angelo Guisado
Baher Azmy [BA-8406]
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6451
kadidal@ccrjustice.org
aguisado@ccrjustice.org
bazmy@ccrjustice.org

*Counsel for Plaintiffs*

*\*Application for admission Pro Hac Vice
forthcoming*

3