**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 16, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Doe v. Mullin*, Nos. 26 Civ. 2103, 26 Civ. 2280 (DEH)

Dear Judge Ho:

This Office represents Defendants (the "government") in the above-referenced related putative class actions challenging the Secretary of Homeland Security's decision to terminate Yemen's Temporary Protected Status ("TPS") designation. The Court's October 6, 2026, Opinion and Order dismissed every claim except Plaintiffs' equal protection claims and directed the parties to submit a case management plan by October 20. Dkt. No. 114. The government writes respectfully to request that the Court (1) certify its ruling on the equal protection claims for interlocutory appeal under 28 U.S.C. § 1292(b); (2) stay discovery pending resolution of that appeal; and (3) relieve the parties of the requirement to file a case management plan.[1]

## I. The Court Should Certify the Equal Protection Ruling for Interlocutory Appeal

Section 1292(b) permits certification for interlocutory appeal of an "order [that] involves a controlling question of law as to which there is substantial ground for difference of opinion" when an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Where, as here, "a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013).

The first and third requirements are easily met because the equal protection claims are the only remaining claims. Thus, reversal of the order denying dismissal would end both cases. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("question of law is 'controlling' if reversal . . . would terminate the action"). An immediate appeal would materially advance the litigation for the same reason. Even an affirmance would advance the litigation by informing how the Court should adjudicate the claims going forward, including on summary judgment.

There is substantial ground for difference of opinion on whether Plaintiffs have stated a plausible claim in light of *Mullin v. Doe*, 609 U.S. 324 (2026) ("*Mullin*"). Though *Mullin*

[1] Consistent with Rule 2(a)(ii) of the Court's Individual Rules, the government has condensed its discussion of these issues to three pages; it will more fully brief any of the issues at the Court's request. All docket citations in this letter refer to Case No. 26 Civ. 2280 (DEH).

reviewed interim relief, the relevant parts of the Supreme Court's decision were not "stated on a 'likelihood' basis." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 653 (4th Cir. 2020) ("*IRAP*"). The Supreme Court found that allegedly discriminatory statements—which resemble those cited by Plaintiffs—were not "overtly racial" and were "insufficient to show that the" TPS termination was discriminatory. *Mullin*, 609 U.S. at 348–49. It also identified "a strong, race-neutral explanation for [the TPS] termination: namely, that the current administration, which has terminated every TPS designation that has come up for renewal, simply opposes the TPS program, at least as it has been implemented in the past." *Id.* at 329. The only court to address the question concluded that there is substantial ground for difference of opinion on whether Plaintiffs state a plausible claim given *Mullin*. In denying a motion to dismiss an analogous claim, that court noted that "the Supreme Court's reasoning in *Mullin* suggests that it might not be so limited by its procedural posture" and then certified its ruling for interlocutory appeal, finding "substantial ground for difference of opinion" and that "resolution of this controlling question of law may materially advance the ultimate termination of this litigation." *Doe v. Mullin*, No. 25-CV-15483, 2026 WL 2279577, at *11 (N.D. Ill. Aug. 7, 2026). The Seventh Circuit has accepted the appeal. *In re Mullin*, No. 26-8018, Dkt. No. 7 (7th Cir. Sept. 15, 2026).

The so-called "travel ban" litigation is instructive. After the Supreme Court decided *Trump v. Hawaii*, 585 U.S. 667 (2018), a district court denied a motion to dismiss, "concluding that *Hawaii*'s holding was limited to the review of a preliminary injunction." *IRAP*, 961 F.3d at 639. The Fourth Circuit accepted the case for interlocutory appeal, stayed all district court proceedings, and ultimately reversed, explaining that "the *reason* for [the Supreme Court's] holding was" not "stated on a 'likelihood' basis." *Id.* at 646–47, 653–54 (remanding "with instructions to dismiss"). This Court should certify its ruling and allow the Second Circuit to adjudicate the equal protection claim.

## II. The Court Should Stay Discovery Pending Appeal

" '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Am. Future Fund, Inc. v. N.Y. State Bd. of Elections*, No. 25-CV-8151 (JHR), 2025 WL 3782963, at *1 (S.D.N.Y. Dec. 31, 2025). " '[J]udicial economy strongly favors staying the proceedings pending resolution of the legal question[] at the core of [an] action.' " *Id.* (granting stay pending interlocutory appeal). Accordingly, courts frequently stay discovery during interlocutory appeals. *See, e.g.*, *SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 722 (S.D.N.Y. 2025) (staying district court proceedings "[f]or largely the same reasons as the Court finds that . . . interlocutory appeal will materially advance the termination of the action"); *New York by James v. Citibank, N.A.*, No. 24-CV-659 (JPO), 2025 WL 1194377, at *5 (S.D.N.Y. Apr. 22, 2025) ("A stay [pending interlocutory appeal] will . . . allow the parties and the Court to conserve time and energy that would otherwise be spent on potentially irrelevant discovery."); *Hunter v. Debmar-Mercury LLC*, No. 22-CV-1687 (PGG), 2024 WL 64768, at *8 (S.D.N.Y. Jan. 5, 2024) (granting stay pending interlocutory because the "proposed appeal presents a potentially dispositive issue, the resolution of which could resolve the parties' dispute without the need for discovery or additional motion practice"); *Pen Am. Ctr., Inc. v. Trump*, No. 18-CV-9433 (LGS), 2020 WL 5836419, at *4 (S.D.N.Y. Oct. 1, 2020) (same, "where discovery sought will raise significant constitutional issues and may very well be narrowed or unnecessary").

A stay is especially appropriate here, where Plaintiffs are likely to seek intrusive discovery into Executive Branch decision-making. *See, e.g.*, *In re United States*, 583 U.S. 29, 31 (2017). And the burdens of discovery are evident: After the government produced the

administrative record, Plaintiffs challenged its redactions to three documents, and the Court resolved those challenges only after letter briefing, a declaration from the Principal Deputy Director of U.S. Citizenship and Immigration Services, and *in camera* review. Dkt. Nos. 43–45, 47. The redaction of information on a single page, AR-000245, prompted a letter-motion to seal, supported by a declaration from the Deputy Director of the Threat Screening Center, and an opposition from Plaintiffs. Dkt. Nos. 51–53. The discovery Plaintiffs have previewed would go further. Their requests would reach "[a]ll communications by or with DHS since January 17, 2025 regarding whether to terminate the TPS designation for Yemen," Dkt. No. 44, at 4–5, and Plaintiffs' allegations span thirteen TPS termination decisions, Dkt. No. 85 ¶¶ 79–113. Discovery of the scope Plaintiffs appear likely to request would lead to disputes over privilege on a far larger scale—over claims that may not survive appeal.

## III. <u>The Court Should Not Require a Case Management Plan</u>

Even if the Court declines to stay discovery, it should vacate its directive to file a case management plan. Plaintiffs' remaining claims challenge an agency action, and "[c]onstitutional challenges to agency action are . . . resolved within the APA's judicial-review framework." *Make the Rd. N.Y. v. Mullin*, 179 F.4th 16, 29 (D.C. Cir. 2026). After all, it is the APA that allows courts to "set aside agency action . . . contrary to constitutional right." 5 U.S.C. § 706(2); *see Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237 (D.N.M. 2014) ("there is only one [constitutional claim] . . . but it is subject to the APA's procedural provisions"). Under this framework, the "'focal point . . . should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). Indeed, the Federal Rules exempt actions "for review on an administrative record" from initial disclosures and Rule 26(f) conferences. Fed. R. Civ. P. 26(a)(1)(B)(i), (f)(1). While there is "no clear consensus among district courts 'whether the assertion of constitutional claims takes a case outside the procedural strictures of the APA, including the record review rule,'" courts in this District have recognized that "'to allow broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record.'" *Hadwan v. U.S. Dep't of State*, No. 17-CV-578 (VEC), 2021 WL 4037714, at *4 n.9 (S.D.N.Y. Sept. 3, 2021).

Courts do allow extra-record discovery "where 'there has been a strong showing . . . of bad faith,'" but such a showing "'is no small hurdle,'" and Plaintiffs have not made it here. *Id.* at *4. In any event, even when courts permit extra-record discovery, they "must . . . be mindful" that discovery "is the exception, not the rule" and "'discovery should not transform the litigation into one involving all the liberal discovery available under the Federal Rules.'" *Id.*

The Court's case management plan contemplates discovery practices, such as initial disclosures and depositions, that have not occurred in other TPS cases that include analogous equal protection claims. *See Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 1276229, at *4 (N.D. Cal. May 2, 2025) (stating that "Court does not intend to permit general civil discovery" when assessing plaintiffs' document requests); *Miot v. Trump*, 818 F. Supp. 3d 126, 147 (D.D.C. 2026) ("discovery must be limited and narrowly tailored"), *rev'd sub nom. Mullin*, 609 U.S. at 324. If the Court allows extra-record discovery (which it should not), it should order Plaintiffs to serve discrete and limited discovery requests for documents that were not included in the administrative record. Indeed, Plaintiffs previously sought extra-record discovery here by requesting specific categories of documents. Dkt. No. 44, at 4–5.

The government thanks the Court for its consideration of these matters.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Mark Osmond*
MARK OSMOND
Assistant United States Attorney
Tel.: (212) 637-2713
mark.osmond@usdoj.gov

cc: All Counsel of Record (via ECF)