**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 30, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Doe v. Mullin*, Nos. 26 Civ. 2103, 26 Civ. 2280 (DEH)

Dear Judge Ho:

This Office represents Defendants (the "government") in the above-referenced related putative class actions challenging the Secretary of Homeland Security's decision to terminate Yemen's Temporary Protected Status designation. The government writes, on behalf of both parties, to set forth their proposals regarding how this litigation should proceed. *See* Case No. 26 Civ. 2280, Dkt. No. 118.

**Stipulated Agreement Between Government and Plaintiffs in Case No. 26 Civ. 2280**

After meeting and conferring and exchanging multiple proposals, the government and Plaintiffs in Case No. 26 Civ. 2280 ("*Abdo Doe* Plaintiffs") have agreed to the following schedule, which accounts for their various personal obligations and professional obligations in other matters. The schedule also gives the parties time to meet and confer before any motion is filed, to see if they can resolve any disputes without the Court's involvement.

- **November 9, 2026**: Plaintiffs will serve the government with the categories of documents and discovery they intend to move for and request information that could aid the parties' negotiations, including requests for information about documents that have been withheld as privileged.

- **By November 17, 2026**: The parties will meet and confer regarding the issues raised by Plaintiffs, on the understanding that their negotiations will be confidential.

- **November 20, 2026**: If necessary, Plaintiffs will move to complete the administrative record and for discovery on the equal protection claim, including extra-record discovery.

- **December 9, 2026**: The government will oppose Plaintiffs' motion(s) and cross-move for a summary briefing schedule or, alternatively, for a stay of discovery and certification of the equal protection claim for interlocutory appeal.

- **December 23, 2026**: Plaintiffs will reply in support of their motion and oppose the government's cross-motion.

- **January 11, 2027**: The government will file reply in support of its cross-motion.

- **7 days after the Court rules**: The parties file a joint letter with proposed next steps.

**Proposal by Plaintiffs in Case No. 26 Civ. 2103**

Plaintiffs in Case No. 26 Civ. 2103 make the following proposal:

*Schedule 1 – Completeness of the Certified Administrative Record*

- **November 9 13, 2026**: Plaintiffs serve a letter identifying the categories of documents they contend were omitted from the certified administrative record.

- **December 4, November 17, 2026**: Parties complete a meet and confer on the identified deficiencies.

- **December 18, November 20, 2026**: Plaintiffs file their motion to complete the administrative record.

- **January 8, 2027 December 9, 2026**: Defendants file their opposition.

- **January 15, 2027 December 23, 2026**: Plaintiffs file their reply.

*Schedule 2 – Extra-Record Discovery (following resolution of the record)*

- Within 14 days after the Court rules on the completeness motion and Defendants complete any production ordered, Plaintiffs will advise whether they seek extra-record discovery. If they do, briefing would proceed as follows:

- **That same date (within 14 days after the Court rules)**: Plaintiffs serve proposed extra-record discovery requests, identifying discrete categories.

- **21 days after service**: Parties complete meet and confer on the proposed requests.

- **21 days after the conferral deadline**: Plaintiffs file their motion for leave to take extra-record discovery.

- **14 days after the motion**: Defendants file their opposition.

- **7 days after the opposition**: Plaintiffs file their reply.

The parties thank the Court for its attention to these matters.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Mark Osmond*
MARK OSMOND
Assistant United States Attorney
Tel.: (212) 637-2713
mark.osmond@usdoj.gov

cc: All Counsel of Record (via ECF)

The bifurcated schedule proposed by Plaintiffs in Case No. 26-cv-2103 is **ADOPTED** with modifications indicated above, for both cases. While courts often permit simultaneous resolution of the issues presented here, in at least some cases the propriety of extra-record discovery is best resolved after it is clear that the administrative record is complete. *Cf. Authors Guild v. Nat'l Endowment for the Humans.*, 2025 WL 3678097, at *14 (S.D.N.Y. Dec. 18, 2025) (recognizing "a sequencing principle: where the administrative record reveals gaps, inconsistencies, or omissions that prevent a court from assessing the 'whole record' that was before the agency decisionmakers at the time the challenged action was taken, limited extra-record discovery is warranted to permit meaningful judicial review."); *Department of Commerce v. New York*, 588 U.S. 752, 755 (2019) (holding that "the District Court prematurely . . . order[ed] extra-record discovery," but that such discovery "was ultimately justified in light of the expanded administrative record."). This approach has been echoed in cases with a similar fact pattern. *See, e.g.*, *Nat'l TPS All. v. Noem*, 2025 WL 1276229 (N.D. Cal. May 2, 2025) (granting extra-record discovery in case challenging removal of prior extension of TPS for Venezuelan nationals *after* the parties agreed the administrative record was complete). Accordingly, the Court adopts a sequential approach to the issues presented, and will first resolve disputes about the completeness of the administrative record, if any, before considering any questions about the propriety of extra-discovery.

If the parties reach resolution on the completeness of the administrative record without motions practice on or before November 20, 2026, they may so notify the Court by status letter and proceed to any issues regarding extra-record discovery, if any, in accordance with the schedule set forth above. If the parties conclude that no such discovery is appropriate, they may file a proposed summary judgment briefing schedule.

Furthermore, as the Court has not been presented with a motion for extra-record discovery (let alone granted such a motion), the Government's motions for a stay of discovery and for certification for interlocutory appeal are **DENIED WITHOUT PREJUDICE** as unripe. The Government may renew its motion upon a showing of good cause, such as the grant of a motion for extra-record discovery.

The Clerk of Court is respectfully directed to close ECF No. 72 in Case No. 26-cv-2103 and ECF No. 115 in Case No. 26-cv-2280.

**SO ORDERED.**

Dated: November 2, 2026
New York, New York

Dale E. Ho
United States District Judge